## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANTHONY GAY, #B62251,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CIVIL NO. 09-cv-925-JPG |
| | ) |
| **KATHERINE CLOVER, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Anthony Gay, an inmate in the Tamms Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.

### THE COMPLAINT

Gay has a history of mental health issues, which often leads to self-mutilation. The instant case presents a series of incidents from November 2007 through October 2008, in which Gay inflicted injury upon himself.[1] Gay alleges that Defendants Clover, Powers and Williamson have consistently ignored his cries for help and, even when he injures himself, they fail to place him in restraints. Gay also alleges that Defendant Wexford Health has not provided any mental health professionals at Tamms, primarily as a cost-saving measure. He asserts that all four defendants have acted, or failed to act, with deliberate indifference to his serious mental health needs, in violation of his rights under the Eighth Amendment.

---

[1] These injuries range from cutting himself on the leg or arm to slicing his penis and scrotum and inserting paper clips into the wounds.

> Prison officials have a duty, in light of the Eighth Amendment's prohibition against cruel and unusual punishment, to "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). To determine whether an inmate's Eighth Amendment rights were violated by a deprivation, we examine the alleged violation both objectively and subjectively. *See id.* at 834, 114 S.Ct. 1970. "First, the deprivation alleged must be, objectively, sufficiently serious." *Id.* (quotation omitted). Second, the mental state of the prison official must have been "one of deliberate indifference to inmate health or safety." *Id.* (quotation omitted).

*Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001). The Seventh Circuit has found that "the need for a mental illness to be treated could certainly be considered a serious medical need." *Id.* at 734; *Wellman v. Faulkner*, 715 F.2d 269 (7th Cir. 1983). *See also Gibson v. County of Washoe, Nev.*, 290 F.3d 1175 (9th Cir. 2002); *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989) (a doctor's decisions to remove patient from medication and to restore the medication without Lithium constitutes deliberate indifference to patient's psychiatric condition).

Based on these standards, the Court is unable to dismiss any portion of the complaint at this time. *See* 28 U.S.C. § 1915A.

## MOTION FOR DEFAULT

Pending before the Court is Gay's motion for entry of default judgment against Defendants (Doc. 5). The Court notes that Gay has already effected service upon Defendants; Defendants have entered an appearance and filed a response to this motion (Doc. 7). Defendants are correct: until the Court completes a preliminary review of the complaint and directs them to respond, they are not required to file a response to the complaint. Accordingly, the instant motion is **DENIED**.

## DISPOSITION

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**Dated: May 20, 2010.**

                                            s/ J. Phil Gilbert
                                            **U. S. District Judge**