UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

ANTHONY GAY, B62251,

    Plaintiff,

v.

KATHERINE CLOVER,
*Licensed Clinical Social Worker
at Tamms Correctional Center, et al.*,

    Defendants.

Case No. 09-cv-925-JPG-PMF

## **MEMORANDUM AND ORDER**

    This matter comes before the Court on Magistrate Judge Philip M. Frazier's Report and Recommendations ("R & R #1") (Doc. 37), which suggests that the Court deny Plaintiff Anthony Gay's ("Gay") Motion for Preliminary Injunction (Doc. 15). Gay filed a timely Objection (Doc. 45) thereto, to which Defendants did not respond.

    This matter also comes before the Court on Magistrate Judge Frazier's Report and Recommendations ("R & R #2") (Doc. 48), which suggests that the Court deny Defendants' Motion to Revoke (Doc. 31) Gay's *in forma pauperis* status. Defendants filed a timely Objection (Doc. 49) thereto, to which Gay did not respond.

### **STANDARD OF REVIEW**

    After reviewing a report and recommendation, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* Because Gay filed

1

a timely objection, the Court has placed the R & Rs under the *de novo* lens of review.

**BACKGROUND**

The instant motion essentially seeks continuous psychiatric evaluation and treatment due to Gay's history of self-mutilation, suicidal tendencies, and mental illness diagnoses. Gay avers that he has not seen a psychiatrist since March 2010 and that he is not receiving any medications for his mental illnesses.

Gay's destructive behavior perhaps culminated on August 27, 2010, when Gay "cut his testicle where it was hanging out the sack [sic] . . . . and tied his mutilated testicle to the cell door." Doc. 15, p. 3, ¶ 11. Defendant Dr. Marvin Powers ("Dr. Powers"), a medical doctor at the facility where Gay is currently incarcerated, and a urologist treated the injury to Gay's testicle. During Dr. Powers' examination of the testicle, Gay swears that the doctor made several disparaging remarks, including "Why don't you cut your nuts out and flush them down the toilet so we don't have to deal with this!" and "I'm done, you can lock him [Gay] up and throw away the key now." Doc. 22, p. 13, ¶ 13, p. 15. Although an eventual ultrasound of the testicle indicated that it was "normal," Dr. Powers did not follow up on the urologist-recommended left hydrocelectomy. Gay's testicle still causes him a great deal of pain.

R & R #1 does not find an injunction or corresponding treatment to be necessary, especially in light of Dr. Powers' Affidavit (Doc. 21-1).[1] Dr. Powers maintains that Gay engages in self-harming behavior so as to obtain "secondary gains," namely manipulation and harassment

---

[1] R & R #1 also suggests that Gay's history of unsuccessful mental health and medical treatment lawsuits demonstrate an unlikelihood of success on the merits in the case at bar, thereby removing injunctive relief from the realm of possibility. The Court disagrees with such logic and does not find the disposition of past lawsuits to be a good indicator of Gay's likelihood of success on the merits in this proceeding.

2

of prison staff. Doc. 21-1, p. 1, ¶ 6. Dr. Powers does not believe that Gay's behavior stems from a mental health problem, and he avers that several treating psychiatrists from different correctional facilities share in this belief. In addition, Dr. Powers advises that Gay is under the care of a psychiatrist, has frequent access to the prison's mental health staff, and has received Doxepin, Buspar, and Prozac during his incarceration. It should be noted that Dr. Powers has not helped decide whether Gay should receive mental health therapy.

## ANALYSIS

### I. Preliminary Injunction Standard

Preliminary injunctive relief is designed "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Platinum Home Mortg. Corp. v. Platinum Fin. Grp., Inc.*, 149 F.3d 722, 726 (7th Cir. 1998). A party seeking a preliminary injunction must make a threshold showing that (1) he has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm if the injunction is not granted. *Ferrell v. U.S. Dep't of Housing and Urban Dev.*, 186 F.3d 805, 811 (7th Cir. 1999). The Seventh Circuit Court of Appeals has defined irreparable harm as "harm that cannot be prevented or fully rectified by final judgment after trial[.]" *Roland Mach. Co. v. Indus., Inc.*, 749 F.2d 380, 386 (7th Cir. 1984).

If the moving party is able to establish these three factors, the Court must then balance the harms that an injunction will present to both parties by means of a "sliding scale" analysis, also taking into consideration the effect that granting or denying the injunction will have on the public. *Ferrell*, 186 F.3d at 811. "[T]he greater the moving party's likelihood of prevailing on the merits, the less strongly it must show that the balance of harms weighs in its favor." *Id*.

With respect to actions proceeding under 42 U.S.C. § 1983, an injunction is not warranted in the absence of an ongoing constitutional violation. *Al-Alamin v. Gramley*, 926 F.2d 680, 688 (7th Cir. 1991).

**II.     42 U.S.C. § 1983**

Gay has brought this action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his health and safety. To prove a violation of § 1983, a plaintiff must establish the following two elements: "(1) that the defendant acted under color of state law, and (2) that the defendant's conduct 'deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Crawford v. Edmonson*, 764 F.2d 479, 486 (7th Cir. 1985) (*Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).

Even if these two elements are fulfilled, a defendant's liability ultimately hinges upon the specific constitutional provision at issue. *Id*. For a violation of the Eighth Amendment, as is alleged in the case at bar, a plaintiff must therefore also demonstrate (1) that the potential harm to him was sufficiently serious and (2) that a defendant was deliberately indifferent to his health and safety. *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 926 (7th Cir. 2004). One is said to act with deliberate indifference "if he knows that the inmate faces a 'substantial risk of serious harm' and disregards that risk by failing to take reasonable measures to abate it." *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 258 (7th Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825 (1994)).

**III.    Gay Has Presented Enough Factual Issues to Warrant a Hearing on His Preliminary Injunction Motion**

Here, the Court is being asked to decide a classic battle of the affidavits. Put simply, the affidavits of Gay and Dr. Powers are incongruent at best and contradictory at worst.

4

The following is an illustrative list of the competing averments in this battle of the affidavits:

- Gay swears that he has not met with a psychiatrist in nearly seventeen months and that he cannot obtain the mental health treatment he requires; Dr. Powers states under oath that Gay has been under the care of a psychiatrist since this motion was briefed, mental health treatment is frequently accessible to him, and he has received several specified medications to combat any mental illnesses.

- Gay attributes his self-destructive behavior to a lack of psychiatric evaluation and treatment; Dr. Powers believes that such behavior primarily serves to manipulate and harass prison staff.

- Gay describes the great, persistent pain in his testicle; Dr. Powers emphasizes the "normal" test results of the ultrasound of the testicle.

These conflicting statements obviously create several issues of fact and likely warrant a preliminary injunction hearing. Indeed, if Gay has truly been deprived of mental health treatment for several months despite repeated requests and if his testicle still requires medical attention, the harm to him could be considered sufficiently serious and Defendants could be acting with deliberate indifference. This in itself establishes the possibility of some likelihood of success on the merits — a proposition with which R & R #1 did not agree.

Moreover, there are several other considerations that weigh in Gay's favor as to the likelihood of success on the merits. Dr. Powers concedes he is not a psychiatrist and is not involved in the decision whether Gay should receive mental health therapy, thereby reducing the credibility of the his opinions about the mental health aspects of Gay's self-destructive behavior. Even if the Court were to believe Dr. Powers' testimony that any mutilation is merely an act to achieve secondary gains, the severity of such an act can and may still point to serious mental illnesses that require continuous treatment. And, finally, there would be strong evidence of

deliberate indifference if it could be shown that Dr. Powers uttered any of the cruel words Gay swears were said.

The parties and R & R #1 do not seriously consider the other preliminary injunction factors — the lack of an adequate remedy at law and irreparable harm to the plaintiff if an injunction is not issued — and neither will this Court. Of course, Gay's self-destructive behavior, perhaps best evidenced by the mutilation of his testicle, may result in lasting or permanent harm that could not be remedied by a final judgment after trial. As such, the Court does not believe that either of these factors preclude a hearing on Gay's preliminary injunction motion.

### IV. The Court Will Determine Whether Gay Should Continue to Proceed *in Forma Pauperis* at the Preliminary Injunction Hearing

Defendants move to revoke Gay's *in forma pauperis* status, which the Court granted on May 20, 2010, Doc. 8, in light of *Taylor v. Watkins*, 623 F.3d 483 (7th Cir. 2010). Section 1915(g) of Title 28 states that a prisoner who has "struck out" cannot proceed *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." If an allegation of imminent danger of serious physical injury is disputed by a defendant, *Taylor* makes clear that a hearing may be necessary to determine whether the plaintiff should proceed *in forma pauperis*. 623 F.3d at 485.

While Gay has indeed struck out for purposes of § 1915(g), the foregoing analysis demonstrates that the Court cannot yet determine whether Gay is in imminent danger of serious physical injury. Being fully advised of the premises, especially the interests of judicial economy, the Court will determine the propriety of Gay's *in forma pauperis* status during or after the preliminary injunction hearing. Because the Court's analysis of Defendants' motion

will indubitably be different from that of R & R #2, the Court rejects the recommendations therein.[2]

## CONCLUSION

For the foregoing reasons, the Court **REJECTS** R & R #1 (Doc. 37) and R & R #2 (Doc. 48). The Court **RESERVES RULING** on Gay's Motion for Preliminary Injunction (Doc. 15) and Defendants' Motion to Revoke (Doc. 31) and **ORDERS** that a hearing be held on these motions on **Thursday, August 25, 2011, at 1:30 p.m.** Gay shall appear via videoconference from Tamms Correctional Center.

**IT IS SO ORDERED**
**DATED: August 4, 2011**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

---

[2]Perhaps more importantly, much of R & R #2 is improperly premised on the belief that Defendants were served with Gay's Complaint (Doc. 1) *before* the Court allowed him to proceed *in forma pauperis*.