IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY GAY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KATHERINE CLOVER, MARVIN POWERS, STACY WILLIAMSON, *and* WEXFORD HEALTH SOURCE, INC.,<br><br>　　　　　Defendants. | Case No. 3:09-cv-00925 |

**MEMORANDUM & ORDER**

　　This matter comes before the Court on plaintiff Gay's Motion to Alter or Amend Judgment (Doc. 68). The defendants, Clover, Powers, Williamson, and Wexford Health Source ("the defendants") have filed a response to the motion (Doc. 73). This case was dismissed without prejudice by the Court when Gay failed to pay a filing fee to continue (Doc. 61) and judgment was subsequently entered (Doc. 62). It is from this order Gay now appeals.

　　I.　　Background

　　Anthony Gay engaged in self-mutilation and destructive behavior. Gay alleged that when he has engaged in self-harming behavior, he has not received the requisite medical treatment. Gay specifically pointed to August 27, 2010, when he "cut his testicle where it was hanging out the sack [sic] . . . . and tied his mutilated testicle to the cell door." (Doc. 15, p. 3, ¶ 11). Defendant Dr. Marvin Powers, a medical doctor at the facility where Gay is incarcerated, and a urologist, treated the injury to Gay's testicle. During his treatment, Gay has sworn that Dr. Powers made several disparaging remarks, including "Why don't you cut your nuts out and flush them down the toilet so we don't have to deal with this!" and "I'm done, you can lock him [Gay]

1

up and throw away the key now." (Doc. 22, p. 13, ¶ 13, p. 15). Although an eventual ultrasound of the testicle indicated that it was "normal," Gay claimed Dr. Powers did not follow up on the urologist recommended left hydrocelectomy.

Following a lengthy hearing, the Court did not find an injunction or corresponding treatment to be necessary (Doc. 57, 58). Dr. Powers testified that Gay engages in self-harming behavior so as to obtain "secondary gains," namely manipulation and harassment. Gay also has a history of unsuccessful mental health and medical treatment lawsuits which demonstrated an unlikelihood of success on the merits in the case at bar and removed injunctive relief from the realm of possibility. The Court also found Gay was not in imminent danger and therefore revoked his *in forma pauperis* status and ordered him to pay the filling fee to avoid the dismissal of the suit.

II.     Discussion

Gay has filed a motion requesting the Court alter or amend the judgment it entered under Federal Rule of Civil Procedure 59(e) (Doc. 68). Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact. *See Bordelon v. Chicago Sch. Reform Bd. of Trs.,* 233 F.3d 524, 529 (7th Cir.2000). Vacating a judgment under Rule 60(b) is permissible for a variety of reasons including mistake, excusable neglect, newly discovered evidence, and fraud. *See* Fed.R.Civ.P. 60(b). Rule 59(e) requires that the movant "clearly establish" one of the aforementioned grounds for relief. *Romo v. Gulf Stream Coach, Inc.,* 250 F.3d 1119, 1122 n. 3 (7th Cir.2001).

A motion to alter or amend a judgment is not appropriately used to advance new arguments or theories that could and should have been made before the district court rendered a judgment. *Anderson v. Flexel, Inc.*, 47 F.3d 243, 247-48 (7th Cir.1995). In this case, Gay does

not argue that he has discovered new evidence or that there has been a change in the controlling law. The only question is whether the Court's October 4th Order constituted a manifest error of law. Therefore, in this case, to succeed on the instant motion, Gay must demonstrate that the district court misunderstood his argument as it existed prior to judgment or the relevant controlling law. *See Servants of Parclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). He has failed to do so.

The Court granted *in forma pauperis* status on May 20, 2010, (Doc. 8) and the defendants moved to revoke this status in light of *Taylor v. Watkins*, 623 F.3d 483 (7th Cir. 2010). Section 1915(g) of Title 28 states that a prisoner who has "struck out" cannot proceed *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." If an allegation of imminent danger of serious physical injury is disputed by a defendant, *Taylor* makes clear that a hearing may be necessary to determine whether the plaintiff should proceed *in forma pauperis*. 623 F.3d at 485.

The Court considered Gay's argument as to why he was in imminent danger and ultimately determined he was not (Doc. 56). The Court held a lengthy hearing as to whether Gay was in imminent danger and questioned Gay's treating psychiatrist, treating medical doctor, and Gay himself (Doc. 57). After hearing all of the evidence and law, the Court determined Gay was not in imminent danger (Docs. 56, 58) and therefore revoked his *in forma pauperis* status in accordance with *Taylor*. 623 F.3d at 485. Gay has not presented any new information that would warrant the Court reconsidering its decision. Gay's argument that the defendants' motion was untimely filed is without merit. Under Federal Rule of Civil Procedure 60(b), a motion must be filed within a reasonable time, which this was. Further, this Court did not dismiss this case

because Gay was not in imminent danger but rather because Gay did not pay the docketing fee (Doc. 61). The Court also dismissed the matter without prejudice (Doc. 61).

    III.    Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff Anthony Gay's Motion to Alter or Amend Judgment (Doc. 68).

**IT IS SO ORDERED.**
**DATED:** May 1, 2012

                                        s./ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**